# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **STACEY RYAN, ET AL** | : | **CIVIL ACTION NO. 18-01496** |
| **VERSUS** | : | **JUDGE SUMMERHAYS** |
| **CALCASIEU PARISH POLICE JURY, ET AL** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

On August 13, 2019, the court issued a Judgment adopting the Report and Recommendation of the undersigned which granted plaintiffs' motion to remand and awarded attorney fees associated with the improper removal. Doc. 29. In accordance with the Judgment plaintiffs submitted an Affidavit and a four (4) page itemized billing statement in support of their request for attorney fees. Doc. 31. The request for attorney fees has been referred to the undersigned for issuance of a Report and Recommendation. Doc. 32.

Determining the amount of reasonable attorneys' fees is a two-step process. "Initially, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rate for the participating lawyers." *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5thCir. 1995)(citing *Hensley v. Eckerhart*, 103 S.Ct. 1933, 1939 (1983). "Then, the district court must multiply the reasonable hours by the reasonable hourly rates." *Id.*(citing *Blum v. Stenson*, 104 S.Ct. 1541, 1544 (1984). "The product of this multiplication is the lodestar, which the district court then either accepts or adjusts upward or downward, depending on the circumstances of the case." *Id.*(citing *Brantley v. Surles*, 804 F.2d 321, 325 (5thCir. 1986). In conducting this analysis, the court must consider the factors elucidated by the Fifth Circuit in

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5thCir. 1974). The factors are as follows:

(1) the time and labor required,
(2) the novelty and difficulty of the issues,
(3) the skill required to perform the legal services properly,
(4) the preclusion of other employment,
(5) the customary fee,
(6) whether the fee is fixed or contingent,
(7) time limitations imposed by the client or the circumstances,
(8) the amount involved and the results obtained,
(9) the experience, reputation, and ability of the attorneys,
(10) the undesirability of the case,
(11) the nature and length of the professional relationship with the client, and
(12) awards in similar cases.

*Id.* at 717–19.

The fee applicants bear the burden of demonstrating the number of hours expended and the reasonableness of the rate charged. *Louisiana Power & Light Co. v. Kellstrom,* 50 F.3d 319, 324 (5thCir. 1995). Additionally, the fee applicants must prove that they exercised billing judgment, which requires "documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 799 (5thCir. 2006). If the court finds billing judgment lacking, it must reduce the award by a percentage "intended to substitute for the exercise of billing judgment." *Id.*

While the request for attorney fees herein is uncontested, we are unable to is make the proper determination of any reasonable award when considering the information provided by plaintiffs in this matter,. Counsel for plaintiffs submitted an affidavit of a managing partner of the law firm which maintains that he is familiar with the billing procedures and accounts and confirms that the attached billing statement is an accurate representation of time entries of paralegals and attorneys in the matter before the court. Doc. 31. The attached billing statement provides a description of the work, the hours billed, the amount billed, and initials of presumably the paralegal(s) and

attorney(s) that performed the work. Doc. 31, att. 1. Counsel does not submit any memorandum explaining whether the work billed was performed by an attorney or a paralegal, whether the hourly rate charged is indicative of the prevailing market rate for similarly-situated attorneys, or addressing any of the relevant *Johnson* factors.

Plaintiffs have the burden of showing the reasonableness of the hours they billed and that they exercised billing judgment. They have not done so. Accordingly,

**IT IS ORDERED** that plaintiffs are to file a memorandum addressing the issues set forth herein within fourteen (14) days of the date of this Order. Any opposition should be filed within seven (7) days thereafter.

THUS DONE AND SIGNED in Chambers this 18th day of October, 2019.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE