UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **STACEY A. RYAN, ET. AL.** | : | **CIVIL ACTION NO. 18-01496** |
| **VERSUS** | : | **JUDGE SUMMERHAYS** |
| **CALCASIEU PARISH POLICE JURY, ET. AL.** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a Motion for Attorney's Fees filed by Vernon Christopher Meyer and Carla Michelle Meyer ("The Meyers"). Doc. 31. The motion is unopposed. The motion has been referred to the undersigned in accordance with the provisions of 28 U.S.C. § 636.

For the reasons that follow **IT IS RECOMMENDED** that the motion be **GRANTED**.

### I.
#### BACKGROUND

On August 13, 2019, this court issued a Judgment [doc. 29] which adopted a Report and Recommendation of the undersigned [doc. 23] granting the Meyers' motion to remand and awarding attorney's fees associated with the filing of the motion. Doc. 29. The judgment further ordered the Meyers to submit a bill of costs and affidavit or other documentation supporting their request for attorney's fees.

In accordance with the court order, the Myers submitted memoranda, an affidavit of their attorney, and supporting documentation of time spent by the attorneys and paralegals relating to the motion to remand. Docs. 31, 35. The Meyers seek a total of $25,852.50 which they claim represents 108.50 hours of time spent "conducting discovery and filing several motions,

-1-

memorandums totaling approximately fifty-two (52) pages, more than two hundred (200) pages of exhibits, and various affidavits." Doc. 35, p. 2. As previously stated, Sasol Chemicals (USA), LLC, the removing intervenor-defendant, has not filed an opposition to the motion.

## II.
### LAW AND ANALYSIS

Determining the amount of reasonable attorneys' fees is a two-step process. "Initially, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rate for the participating lawyers." *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5thCir. 1995)(citing *Hensley v. Eckerhart*, 103 S.Ct. 1933, 1939 (1983). "Then, the district court must multiply the reasonable hours by the reasonable hourly rates." *Id.*(citing *Blum v. Stenson*, 104 S.Ct. 1541, 1544 (1984). "The product of this multiplication is the lodestar, which the district court them either accepts or adjusts upward or downward, depending on the circumstances of the case." *Id.*(citing *Brantley v. Surles*, 804 F.2d 321, 325 (5thCir. 1986).

The fee applicants bear the burden of demonstrating the number of hours expended and the reasonableness of the rate charged. *Id.* Additionally, the fee applicants must prove that they exercised billing judgment, which requires "documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 799 (5thCir. 2006). If the court finds billing judgment lacking, it must reduce the award by a percentage "intended to substitute for the exercise of billing judgment." *Id.*

In this case the Meyers seek a total award of $25,852.50 which represents 25.25 hours of work performed by a paralegal with over 11 years of experience at a rate of $100.00 per hour, 6 hours of work performed by a second-year associate at a rate of $175.00 per hour, 1.25 hours of work performed by a partner with 18 years of experience at a rate of $275.00 per hour, and 76

hours of work performed by a senior partner with 27 years of experience at a rate of $295.00 per hour. Doc. 35, att. 1.

A review of the record in this case reveals that counsel for the Meyers filed a motion to remand [doc. 9], a reply to the opposition to the motion to remand [doc. 14], a response to a motion for leave to file a sur-reply [doc.16], a response to the objection to the report and recommendation [doc.25], and the motion for attorney's fees and supporting documentation that is currently under consideration [doc. 31]. We note that the issues involved in the remand were fairly complex and conclude that the amount of time spent researching and drafting the pleadings was reasonable. We do, however, refuse to award 1.25 hours of work (1.25 hours at $100.00/hour) performed by the paralegal for preparation of Request for Production of Documents, preparation of correspondence enclosing the Request for Production and sending the Request for Production to opposing counsel. This work was performed following the judgment granting the remand and counsel does not explain how that is related to the motion for remand.

The court finds that the hourly rates charged by the paralegal and attorneys are reasonable based upon the years of experience and the prevailing rates in this geographical area as evidenced by the affidavit filed in connection with this matter.

We find that movants have met their burden of demonstrating that the number of hours expended and the rate charged are reasonable.

### III.
#### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that the Motion for Attorney's Fees [doc. 31] be **GRANTED** and attorney's fees in the amount of Twenty-Five Thousand Seven Hundred Twenty-Seven and 50/100 Dollars ($25,727.50) be awarded to Vernon Christopher Meyer and Carla Michelle Meyer.

Under the provisions of 28 U.S.C. §636 Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n,* 79 F.3d 1415, 1429-30 (5th Cir.1996).

THUS DONE AND SIGNED in Chambers this 16th day of December, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE